IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC BOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-00717-CV-RK |
| | ) | |
| JACOB B. HORWITZ, | ) | |
| KRAM HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court are: Defendant KRAM Holdings, LLC's ("KRAM's") Motion to Set Aside Entry of Default and For Leave to File Responsive Pleading ("Motion to Set Aside the Default") (doc. 10) and Plaintiff's Motion for Entry of Default Judgment as to Defendant KRAM Holdings LLC ("Motion for Default Judgment") (doc. 9). The Motion to Set Aside the Default is **GRANTED**, and the Motion for Default Judgment is **DENIED.**

**Background**

In this copyright dispute concerning alleged unlawful use of photographs, Plaintiff Eric Bowers served process on the registered agent of Defendant KRAM on September 13, 2018. Defendant Jacob Horwitz has not been served with process, but KRAM was required to respond to the Complaint on or before October 4. It failed to do so. Accordingly, Plaintiff filed a motion for entry of default on October 10; the Clerk promptly filed an Entry of Default against KRAM (doc. 8) under Rule 55(a) of the Federal Rules of Procedure on October 11; and Plaintiff filed his Motion for Default Judgment (doc. 9) on October 12.

Counsel for KRAM then appeared on October 24 and filed the Motion to Set Aside the Default. (Doc. 10.) KRAM also filed suggestions in opposition to the Motion for Default Judgment. (Doc. 11.) KRAM argues that it has good cause for failing to respond to the Complaint because Horwitz (KRAM's representative) was traveling during the relevant time, because Horwitz was attempting to resolve the dispute with Plaintiff's counsel himself informally, and because KRAM did not retain counsel until October 22. KRAM seeks ten days from the date of the Court's order to respond to the Complaint.

## Discussion

"The [C]ourt may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). This good-cause standard is more lenient than the standard for setting aside a default judgment under Rule 60(b). *Grant v. City of Blytheville, Ark.*, 841 F.3d 767, 772 (8th Cir. 2016). The Court considers (1) "whether the conduct of the defaulting party was blameworthy or culpable," (2) "whether the defaulting party has a meritorious defense," and (3) "whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

At the outset, the Court finds that there was no bad faith. In considering blameworthiness, the Court considers whether the defaulting party engaged in a "contumacious or intentional delay or disregard for [the] deadline[]" or merely a "marginal failure" to adhere to the Court's rules. *Id.* KRAM missed the answer deadline because Horwitz was traveling and attempting to negotiate a settlement informally, and KRAM did not retain counsel until October 22. The Court finds this to be only a "marginal failure" to adhere to the Court's deadline. Accordingly, this factor weighs "heavily" in favor of setting aside the default. *Id.*

Second, it appears KRAM has a meritorious defense. This inquiry turns on whether the proffered defense "'would permit a finding for the defaulting party.'" *Johnson*, 140 F.3d at 785 (citation omitted). The defaulting party must provide "a sufficient elaboration of facts or evidence" to support the defense. *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008). A defense is meritorious if "on its face [it] appears to have considerable merit." *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001). In this case, KRAM argues Plaintiff misused his copyright in the subject photos and should be equitably estopped from pursuing his claims because he intentionally misrepresented or concealed facts about the copyright and publicized the photos without providing notice. This could be a viable defense. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1977 (2014). In light of the "'judicial preference for adjudication on the merits,'" the Court finds that this factor weighs in favor of setting aside the default. *Johnson*, 140 F.3d at 784 (citation omitted).

Third, there is no reason to believe Plaintiff will be prejudiced by a delay of approximately one month or that setting aside the default under these circumstances will "disrupt the judicial process in any measurable way." *Union Pac. R.R. Co.*, 256 F.3d at 783. Therefore, this factor also weighs "heavily" in favor of setting aside the default. *Id.*

**Conclusion**

Accordingly, the Court **ORDERS** as follows:

1) KRAM's Motion to Set Aside the Default (doc. 10) is **GRANTED**;
2) The Clerk's Entry of Default (doc. 8) is **SET ASIDE**;
3) Plaintiff's Motion for Default Judgment (doc. 9) is **DENIED**;[1] and
4) KRAM's Answer is due November 8, 2018.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 29, 2018

---

[1] "[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson*, 140 F.3d at 783.